IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John Fields, | : | |
| Plaintiff | : | Civil Action 2:05-cv-951 |
| v. | : | Judge Frost |
| Reginald Wilkinson, | : | Magistrate Judge Abel |
| Defendant | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff John Fields, an inmate at the Corrections Reception Center, Orient, Ohio, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to dismiss

---

[1] The full text of §1915A reads:

>    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>    (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>        (2) seeks monetary relief from a defendant who is immune from such relief.
>
>    (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is

the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Because the complaint fails to allege that plaintiff exhausted his Ohio prison administrative remedies as required by 42 U.S.C. § 1997e(a) before tendering his complaint to the Clerk of Court, the Magistrate Judge **RECOMMENDS** that the complaint be DISMISSED without prejudice to re-filing after Fields demonstrates that he has exhausted those remedies.

The complaint alleges that John Fields "is a Lucasville riot witness protective custody inmate" with two death threats against him. It further alleges that there have been multiple attempts on his life. The complaint does not allege when these death threats were made or when Fields was assaulted.

The complaint alleges that defendant Reginald Wilkinson and the Ohio Adult Parole Authority have violated a "Lucasville Witness Protection Agreement" by placing Fields in the custody in a facility maintained by the Ohio Department of Rehabilitation and Correction instead of in a facility maintained by another state.

The complaint does not allege that plaintiff has exhausted his prison administrative remedies as to any of these claims. Section 1997e(a) provides that "no action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." Ohio inmates have grievance procedures available under the Ohio Administrative Code §5120-9-31. A complaint may not be filed in federal court until the prisoner has filed a grievance under Ohio Admin. Code

---

        accused of, convicted of, sentence for, or adjudicated delinquent for,
        violations of criminal law or terms and conditions of parole,
        probation, pretrial release, or diversionary program.

§5120-9-31, the grievance has been acted on, and the prisoner has exhausted all of his administrative appellate rights with respect to the grievance. Wright v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). Further, prisoners must "allege and show" that they have exhausted all administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner "should attach to his §1983 complaint the administrative disposition of his complaint." Id.

A prisoner must exhaust his prison administrative grievance remedies even though he cannot obtain the monetary relief he seeks in Court through the prison grievance procedures. Botth v. Churner, 121 S.Ct. 1819, 1825 (May 29, 2001); Dellis v. Corrections Corp. of America, 257 F.3d 508, 510 (6th Cir. 2001).

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED without prejudice under 42 U.S.C. §1997e(a) for failure to exhaust prison administrative remedies.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 23d Floor, Columbus, OH 43215. Because the complaint seeks emergency relief based on the allegation that John Fields' life is in danger, defendant is **ORDERED** to respond to plaintiff's request for an emergency hearing within five (5) days of the date of this Report and Recommendation.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically

designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

If plaintiff Fields files an objection to this Report and Recommendation, it must be accompanied by the Court's $250 filing fee or a request to proceed without prepayment of costs and fees supported by a declaration of his assets and liabilities and a certification of inmate funds.

s/Mark R. Abel
United States Magistrate Judge
